**Slip Op. 99-28**

## UNITED STATES COURT OF INTERNATIONAL TRADE

---

|  |  |
|---|---|
| FLORIDA SUGAR MARKETING AND TERMINAL ASSOCIATION, INC., | : <br> : <br> : |
| Plaintiff, | : Court No. 98-05-01303 |
| v. | : <br> : |
| UNITED STATES, | : <br> : |
| Defendant. | : <br> : |

---

[Judgment for defendant.]

Dated: March 23, 1999

<u>Stewart and Stewart</u> (<u>Terence P. Stewart</u>, <u>Wesley K. Caine</u> and <u>Patrick J. McDonough</u>) for plaintiff.

<u>David W. Ogden</u>, Acting Assistant Attorney General, <u>David M. Cohen</u>, Director, <u>Jeanne E. Davidson</u>, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (<u>Lara Levinson</u>, <u>Todd M. Hughes</u>), <u>Richard McManus</u>, Office of the Chief Counsel for Import Administration, United States Customs Service, of counsel, for defendant.

## OPINION

**RESTANI, Judge:** This matter is before the court on cross-motions for summary judgment. In this action plaintiff seeks to have declared unconstitutional the Harbor Maintenance Tax (HMT) established by 26 U.S.C. §§ 4461, 4462 (1994), as applied to interstate shipments.

Between January 27, 1995 and February 20, 1998, plaintiff Florida Sugar Marketing and Terminal Association, Inc., paid this ad valorem tax on shipments of sugar from ports of one state to ports of other states.  Because the tax is imposed upon shipment, the parties apparently agree that the HMT at issue was assessed upon export from a state, as opposed to import into another state.

Plaintiff asserts that the HMT violates the Export Clause, Art. I, § 9, cl. 5 of the Constitution, which provides "No Tax or Duty shall be laid on Articles exported from any State," relying on United States v. U.S. Shoe Corp., 523 U.S. 360 (1998) (holding HMT invalid as applied to exports to foreign countries).  The parties to the action disagree as to whether it is a binding holding of Dooley v. United States, 183 U.S. 151, 154 (1901) (Congress permitted to impose tax on exports from New York imported into Puerto Rico) that "exports" for purpose of the Export Clause means exports to foreign countries.  The Dooley court cited Woodruff v. Parham, 75 U.S. (8 Wall.) 123 (1868) (holding Import-Export Clause of Constitution[1] did not bar

---

[1]  The Import-Export Clause, Article I, § 10, cl. 2 reads in part:

>        No state shall, without the Consent of the
> Congress, lay any Imposts or Duties on

(continued...)

Alabama sales tax on merchandise from another state), for that proposition. The Dooley court, however, clearly held that the tax at issue was a valid tax on imports into Puerto Rico. Dooley, 183 U.S. at 155. Thus, the status of the statement in Dooley with respect to exports is not certain.

Despite the fact that Dooley has been cited by the Supreme Court specifically for this point, see Prudential Ins. Co. v. Benjamin, 328 U.S. 408, 434 n. 44 (1946), plaintiff argues that Dooley's statement on the meaning of "exports" is dicta. It cites Hooven & Allison Co. v. Evatt ("Hooven I"), 324 U.S. 652 (1945) (holding articles brought from the Philippine Islands into the United States were imports immune from state taxation under the Import-Export Clause, because the Philippines were not part of the United States in constitutional sense), overruled on other grounds, Limbach v. Hooven & Allison Co. ("Hooven II"), 466 U.S. 353 (1984). Hooven I stated in what also seems to be dicta, that Dooley's export definition was dicta. Hooven I, 324 U.S. at 670 n.5. The court, however, need not resolve the exact status of the operative words in Dooley.

---

[1](...continued)
Imports or Exports, except what may be absolutely necessary for executing its inspection Laws.

    The parties agree that the <u>Dooley</u> court's choice to make no distinction between the meaning of export in the Export Clause and in the Import-Export Clause as set forth in <u>Woodruff v. Parham</u>, has been long adhered to.  <u>See, e.g.</u>, <u>Kosydar v. National Cash Register Co.</u>, 417 U.S. 62, 67 n. 5 (1974); <u>Richfield Oil Corp. v. State Bd. of Equalization</u>, 329 U.S. 69, 83 (1946). Plaintiff does not contend that the court can ignore the longstanding view that "exports" means the same in both clauses.

    Plaintiffs' main argument is that <u>Woodruff</u> (and <u>Dooley</u> to the extent it followed <u>Woodruff</u>) was wrongly decided, citing the Thomas/Scalia dissent in <u>Camps Newfound/Owatonna, Inc. v. Town of Harrison</u>, 520 U.S. 564, 609-610 (1997).  The dissent contends that the negative Commerce Clause rationale used by the majority to strike down a property tax with an exemption for charitable institutions benefitting residents is untenable.  <u>Id.</u> at 610. The negative Commerce Clause is said to be unnecessary to check discriminatory state taxes on the commerce of other states because the Import-Export Clause serves that purpose, "<u>Woodruff</u>, notwithstanding."  <u>Id.</u>

    Whatever the merits of the point of view expressed in the <u>Camps</u> dissent, this court must follow decisions of the Supreme Court which have not been overruled.  As accurately stated by

plaintiff, "the [Supreme] Court has repeatedly followed <u>Woodruff</u> in a line of cases over the years." Pl. Br. at 3. The court must do the same now.

Accordingly, the court finds the Export Clause does not prevent the imposition by Congress of taxes on interstate shipments and judgment is found for defendant dismissing this action for failure to state a claim.

_____
Jane A. Restani
JUDGE

Dated:  New York, New York

       This    day of March, 1999.